## STUMPF v. LOPES.*
### No. 14792.

Court of Appeal of Louisiana. Orleans.
May 7, 1934.

J. Rosenberg, of New Orleans, for appellant.

McLoughlin & West, of New Orleans, for appellee.

WESTERFIELD, Judge.

The plaintiff in this case sues as the assignee of Hubert M. Ansley, an attorney at law, for attorney's fees rendered Hypolite Lopes in the succession of his mother, Mrs. Isabelle Waches Lopes. The amount claimed is $1,250. There was judgment below for $750, and defendant has appealed. Plaintiff has answered the appeal asking that the judgment be increased to the amount claimed.

In the answer of defendant a number of defenses were raised, all of which, with the exception of the question of amount, have apparently been waived, since, in oral argument and brief, counsel discussed only the quantum.

The defendant employed Mr. Ansley to represent him in the succession of his mother without stipulating the amount of fee to be paid, the only reference to compensation being that expressed in the letter employing Mr. Ansley to represent him and two of his coheirs, as follows: "We expect your fees to be reasonable and are employing you because we believe they will be." Mr. Ansley represented the defendant from January 28, 1932, the date of the letter referred to, until August 31, 1932, during most of which period the succession of Mrs. Lopes was under administration. The inventory in the succession covers fifty-nine pages and shows the value of the estate as $44,363.62. According to the final account of the administratrix, the net interest of Hypolite Lopes, after all debts were deducted, amounted to $8,198.14. Mr. Ansley testified that during the period of his employment he saw Mr. Lopes almost daily; that he consult-

ed with the other heirs upon numerous questions, particularly with reference to the operation of a retail store which belonged to the succession; that he succeeded in having recognized as Lopes' personal property some $700 worth of merchandise located on the premises of the store owned by the succession; that he called on Lopes at his home at his request for numerous consultations; that he wrote a number of letters and employed an accountant, who, under his supervision, checked the final account of the administratrix; that he filed an opposition to the account and performed a number of other services in connection with the interest of his client, whom he described as very difficult and contentious. Mr. Ed. J. De Verges and Mr. Jerome J. Meunier, members of the bar of high standing who were also employed in connection with the succession proceeding and, therefore, in an unusual position to pass upon the value of Mr. Ansley's services, testified that in their opinion a fee of about $1,100 would be proper.

The rule with respect to the judicial determination of the value of legal services cannot be definitely stated, or reduced to a formula, because "each case is decided according to the particular or peculiar facts and circumstances presented." Peltier v. Thibodaux et al., 175 La. 1026, 1030, 144 So. 903, 904. In the case before us the principal objection to the fee is that the only profit derived by the defendant from the employment of Mr. Ansley was the recognition of his ownership of his personal property, which, it is claimed, was worth only $175 and not $700, the value placed upon it in the succession proceedings. The administration of the succession, it is said, was unnecessary, since there was ample cash on hand for the payment of the debts, and, therefore, Mr. Ansley should have prevented the administration. The record in the succession shows very clearly that Mr. Ansley, representing the defendant, made a strenuous effort to prevent the administration, but was unsuccessful, evidently because the court, in considering the opposition filed by him, was of the opinion that an administration was necessary. But, in any event, a lawyer earns his fee whether he is successful in what he undertakes to do for his client or not, unless there is some agreement to the contrary. The opinion of the two members of the bar as to the value of Mr. Ansley's services is entitled to consideration but is not conclusive. Such opinion is only a guide for the reason that "courts should and do keep in mind that there is an esprit de corps among men of the same profession which restrains

them from underestimating the value of their own services." Peltier v. Thibodaux, supra. However, in this case the testimony of the legal experts is of exceptional value for the reason that they were each of them employed in the same litigation and witnessed Mr. Ansley's activities.

Under the circumstances we are of opinion that the amount allowed by the court, qua, is not excessive.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.